**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| **PROVIZOR FEDERAL, INC.,** | * | **Chapter 11** |
| Debtor. | * | **Case No. 24-11528-DER** |
| *   *   *   *   *   *   * | * | *   *   *   *   *   * |
| **PROVIZOR FEDERAL, INC.** 6700 Alexander Bell Drive Columbia, Maryland 21046 | * * | **Adversary No.**_____ |
| **and** | * | |
| **KORE CAPITAL CORPORATION** 6701 Democracy Boulevard, Suite 300 Bethesda, Maryland 20817 | * * | |
| **Plaintiffs,** | * | |
| **v.** | * | |
| **LOYAL SOURCE GOVERNMENT SERVICES, LLC** 12612 Challenger Parkway, Suite 365 Orlando, Florida 32826 | * * | |
| | * | |
| **Defendant.** | | |
| *   *   *   *   *   *   * | * | *   *   *   *   *   * |

**COMPLAINT TO DETERMINE VALIDITY, PRIORITY,**
**AND EXTENT OF INTERESTS IN PROPERTY**

Plaintiffs Provizor Federal, Inc. ("Provizor") and KORE Capital Corporation ("KORE"),

pursuant to Federal Rule of Bankruptcy Procedure 7001(2), file this Complaint to Determine

Validity, Priority, and Extent of Interests in Property to determine the validity, priority, and

extent of the interests of Provizor, KORE and Loyal Source Government Services, LLC ("Loyal

49673\150192\10786324.v4-4/4/24

Source") in cash held in an account in the name of Provizor and receivables due from the United States government to Provizor pursuant to contract, and proceeds of such receivables.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider and determine this complaint pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 105.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.     Venue is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

4.     Provizor is a Maryland corporation with its principal place of business at 6700 Alexander Bell Drive, Suite 200, Columbia, Maryland 21046.  Provizor is the debtor in a Chapter 11 bankruptcy case pending in this Court.

5.     KORE is a Virginia corporation with its principal place of business at 6701 Democracy Boulevard, Suite 300, Bethesda, Maryland 20817.

6.     Loyal Source is a Florida limited liability company with a principal place of business at 12612 Challenger Parkway, Suite 365, Orlando, Florida 32826.

## BACKGROUND

### A.     Property at Issue

7.     Provizor is party to a Defense Health Agency (DHA), oversight and Performance Management Committee's Medical Q-Coded Services (MQS) Government contract HT0050-18-D-0021 (the "Prime Contract") with the United States Defense Health Agency (the "Government").

8.     The Prime Contract delegates services to Provizor pursuant to the issuance of Task Orders, and the services provided to the Government pursuant to the Task Orders are tracked and billed by Provizor to the Government separately.

49673\150192\10786324.v4-4/4/24                                    2

9.      Provizor's invoices to the Government and its collection of the accounts receivable thereby generated are Provizor's sole source of revenue.

**B.      KORE Loan**

10.     Provizor is indebted to KORE under a Revolving Credit and Security Agreement dated October 7, 2021 (the "Credit Agreement"), a copy of which is attached as Exhibit No. 1.

11.     Pursuant to the Credit Agreement, KORE and Provizor established an express trust on October 7, 2021.  The Credit Agreement provides, in part:  "Any collections of Accounts or proceeds of other Collateral received by Borrower shall be held in trust for the benefit of Lender pursuant to an express trust created hereby and shall be remitted promptly, in the form received, to a deposit account as directed by Lender . . . ."  See Section 2.15, Credit Agreement.

12.     To further secure payment of amounts due under the Credit Agreement, Provizor granted to KORE a first priority perfected security interest in "all of [Provizor's] personal Property, . . . and all Proceeds".  See Section 4.1, Credit Agreement.

13.     KORE perfected its security interest in all assets of Provizor by filing a financing statement at the Maryland State Department of Assessments and Taxation, and an amendment to the financing statement.  Copies of the financing statement and its amendment are attached as Exhibit No. 2.

14.     To further protect KORE's interests in Provizor's property and give effect to the rights afforded to KORE by the Credit Agreement, KORE, Provizor, and JP Morgan Chase Bank, N.A. ("Chase") entered into a Blocked Account Control Agreement dated October 7, 2021 (the "BACA"), a copy of which is attached as Exhibit No. 3.  All of Provizor's cash receipts are deposited directly into the lockbox account established pursuant to the BACA.  Pursuant to the BACA, Provizor and KORE notified Chase that, by agreement, all funds on deposit from time to

49673\150192\10786324.v4-4/4/24                    3

time are not under the control of Provizor, and Chase can only release funds to KORE and at its instructions.

15.     As of February 26, 2024, Provizor was indebted to KORE for principal of $2,225,068.25, plus interest and other charges.

### C.     Alleged Loyal Source Constructive Trust

16.     On October 24, 2023, after an arbitration between Provizor and Loyal Source, Loyal Source filed a Complaint in the U.S. District Court for the District of Maryland to confirm two arbitration awards for $1,945,436.15 and $8,621,243.46, plus interest and other relief, and enter judgment in favor of Loyal Source and against Provizor.  *See Loyal Source Gov't Servs., LLC v. OMV Med. Inc. N/K/A Provizor Fed., Inc.*, Case No. 1:23-cv-02889-SAG (the "District Court Case").

17.     On January 29, 2024, the U.S. District Court for the District of Maryland entered an Order and Judgment that, among other things, entered judgment in favor of Loyal Source in the amount of $11,976,571.17 and imposed a constructive trust as an equitable remedy based on alleged unjust enrichment in favor of Loyal Source with respect to "any payments [Provizor] received from the Government on or after January 5, 2024, under the October 23, 2017 Prime Contract between the Government and [Provizor], for services provided by [Loyal Source] to [Provizor], pursuant to the March 16, 2018 Subcontract Agreement."  *Id.* at ECF No. 53.  A copy of the Order and Judgment is attached as Exhibit No. 4.

### D.     Bankruptcy Case

18.     On February 26, 2024, Provizor filed a Chapter 11 Voluntary Petition in the United States Bankruptcy Court for the District of Maryland, *In re Provizor Fed., Inc.*, Case No. 24-11528 (the "Bankruptcy Case").

19.     On February 28, 2024, the Bankruptcy Court entered an Interim Consent Order (I) Authorizing Debtor to Obtain Postpetition Financing; (II) Granting Security Interests and Superpriority Administrative Expense Status; (III) Granting Adequate Protection; (IV) Modifying Automatic Stay; (V) Authorizing Use of Cash Collateral; (VI) Scheduling a Final Hearing and (VII) Granting Related Relief, a copy of which is attached as Exhibit No. 5.

20.     On March 13, 2024, the Bankruptcy Court entered a Second Interim Order (I) Authorizing the Debtor to Obtain Postpetition Financing[;] (II) Granting Security Interests and Superpriority Administrative Expense Status; (III) Granting Adequate Protection; (IV) Modifying Automatic Stay; (V) Authorizing Use of Cash Collateral; and (VI) Granting Related Relief (the "Second Interim Order"), a copy of which is attached as Exhibit No. 6.

21.     The Second Interim Order granted in favor of KORE a perfected security interest in and superpriority lien on Provizor's existing and after-acquired assets; recognized that KORE had "valid, perfected, enforceable and non-avoidable first priority perfected security interests and liens" pursuant to the prepetition loan documents; acknowledged that the parties reserved all rights with respect to the disposition of the interest of Loyal Source "pending a further ruling of this Court;" and recognized that Provizor's assets were subject to KORE's first priority perfected security interest and Loyal Source's second-priority junior lien. *See id.*, ECF No. 68.

22.     Under the Second Interim Order, the parties reserved all rights with respect to the disposition of the Pre-Petition Loyal Source Escrow Amount, the Additional Loyal Source Escrow Amount and the Loyal Source Subordinated Lien pending a further ruling of the Court. See Section 48(h), Second Interim Order.

23.     The Bankruptcy Court's ruling evidenced by the Second Interim Order was without prejudice to a determination of the rights of the parties under the constructive trust and the Order and Judgment of the United States District Court.

## COUNT I
### (Declaratory Judgment Under Bankruptcy Code § 105)

24.　　Each of the foregoing paragraphs is incorporated into this Count I.

25.　　The property which is the subject of this Complaint includes (a) the funds on deposit at Chase in a Provizor account which total $530,906.00 as of March 29, 2024, and any additional funds deposited into such account, (b) proceeds of Provizor's receivables collected since the bankruptcy filing, and (c) funds deposited by the Government in a Chase account over which the BACA governs since the bankruptcy filing, whether already received or to be received, to the extent that such funds constitute "payments [Provizor] received from the Government on or after January 5, 2024, under the October 23, 2017 Prime Contract between the Government and [Provizor] for services provided by [Loyal Source] to [Provizor] pursuant to the March 16, 2018 Subcontract Agreement."  These assets shall collectively be referred to as the "Disputed Funds".

26.　　Provizor and KORE assert that the Disputed Funds are property of the bankruptcy estate, subject to the express, written trust established between Provizor and KORE, and subject further to KORE's first priority perfected security interest in the Disputed Funds as a bona fide lender in good faith.

27.　　Loyal Source asserts a constructive trust against the Disputed Funds, free and clear of any interest of Provizor and KORE.  In this regard, Loyal Source asserts that the Disputed Funds are not property of the bankruptcy estate.

28.　　Provizor and KORE dispute the validity of Loyal Source's assertions.

29.　　As a result, Provizor and KORE, on the one hand, and Loyal Source, on the other hand, assert competing interests in the Disputed Funds.

30. Provizor and KORE dispute the claim of Loyal Source (a) that the Disputed Funds are property of Loyal Source, or (b) that any interest of Loyal Source in the Disputed Funds is not subordinate to KORE's perfected security interest.

31. A controversy exists as to the priority and extent of the liens and interests asserted by KORE, Provizor, and Loyal Source in the Disputed Funds.

32. This Court should resolve the controversy between Provizor and KORE, on the one hand, and Loyal Source, on the other hand, with respect to the Disputed Funds.

33. A declaration of this Court will serve to terminate the controversy, and thus, Provizor and KORE request that this Court determine validity, priority and extent of the claims of Provizor, KORE and Loyal Source in the assets of Provizor, including the Disputed Funds.

WHEREFORE, Provizor and KORE pray for entry of judgment in their favor against Loyal Source for the following relief:

(i) declaring that the Disputed Funds are held by Provizor in trust for the benefit of KORE, which trust has priority over the later-established constructive trust including interests of Loyal Source;

(ii) declaring that KORE has a first priority perfected security interest in the Disputed Funds that is senior in priority to any interests of Loyal Source in the Disputed Funds including as beneficiary of the constructive trust;

(iii) declaring that any interests of Loyal Source in the assets of Provizor are subordinate to all interests of KORE in the assets of Provizor; and

(iii) granting to Provizor and KORE such other and further relief as is just and proper.

[SIGNATURES ON NEXT PAGE]

49673\150192\10786324.v4-4/4/24                    7

*/s/ David S. Musgrave*

David S. Musgrave [Bar No. 0166]
Lauren E. Lake [Bar No. 20488]
GORDON FEINBLATT LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland 21202
Phone/Fax: (410) 576-4194
Phone/Fax: (410) 576-4004
dmusgrave@gfrlaw.com
llake@gfrlaw.com

*Attorneys for KORE Capital Corporation*


*/s/ Kevin Hroblak*

Kevin Hroblak [Bar No. 26180]
Aaron L. Casagrande [Bar No. 28518]
Michael L. Collins [Bar No. 20805]
ICE MILLER LLP
100 Light Street, Suite 1350
Baltimore, Maryland 21202
Phone: 410-951-5874
Kevin.hroblak@icemiller.com
Aaron.casagrande@icemiller.com
Michael.collins@icemiller.com

*Attorneys for Provisor Federal, Inc.*